UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | USDC No. 25-cr-142 (TSC) |
| | ) | |
| David Berry,  *defendant.* | ) | |

OPPOSITION TO GOVERNMENT MOTION FOR EMERGENCY
REVIEW AND APPEAL OF RELEASE ORDER

The defendant, through undersigned counsel Nathan I. Silver, Esq., appointed by this Court under the Criminal Justice Act, respectfully opposes the Government's Motion for Emergency Review and Appeal of Release Order ("Motion") (ECF Doc. 8, filed May 22, 2025), for the reasons that follow.

The government requested the defendant's detention under 18 U.S.C. §3142(f)(1)(E) in the instant case at his initial appearance and arraignment on May 19, 2025. The Court, Magistrate Judge Matthew J. Sharbaugh, granted that request.

On May 22, 2025 the Court held a hearing on the government's motion and denied the its request. The Court stated its reasons in a Minute Order the same day.

The Minute Order noted, "In enacting the Bail Reform Act, Congress established a general presumption that an individual should be released pending trial unless a court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. "18 U.S.C. § 3142(e); *United States v. Salerno*, 481 U.S. 739, 742 (1987) ("[D]etention prior to trial... is the carefully limited exception."). To establish a basis for detention, the Government bears the burden to demonstrate an unmitigable risk of non-appearance by a preponderance of the evidence, *United States v. Vasquez-Benitez*, 919 F.3d 546, 551 (D.C. Cir. 2019), or an unmitigable risk of danger to others

and the community by clear and convincing evidence, *United States v. Munchel*, 991 F.3d 1273, 1279 (D.C. Cir. 2021)."

This is not a case in which there is a rebuttable presumption that the defendant be held, unless the defendant can show that there is a condition or a combination of conditions that would assure the safety of the community. *See* 18 U.S.C. §3142(e)(3). Therefore, it is the government's burden to establish by a preponderance of the evidence that there is no condition or combination of conditions that would mitigate the risk to assure the safety of the community. (Minute Order, *United States v. Munchel*, supra)

The Court did not countenance, and the defendant did not seek, release on either personal recognizance or unsecured appearance bond. *See* 18 U.S.C. §3142(b). Rather, the defendant sought release to a third-party custodian on either home detention or the more restrictive condition, home incarceration. The defendant proffered Kim Berry, his mother, as such a custodian, Kim Berry. The D.C. Pretrial Services Agency ("PSA") interviewed Ms. Berry, and found her eligible to serve. The defendant called her as a witness at the detention hearing. The Court took testimony from her on her ability to supervise the defendant and willingness to undertake the assignment, including recognizing an obligation to alert the Court of any failure to comply by the defendant. The Court is required, when a defendant seeks release to a custodian, to fashion the least restrictive conditions for release. *See* 18 U.S.C. §3142(c)(1)(B)

Ms. Berry testified and is prepared to reiterate to this Court, at the hearing scheduled for May 27, 2025, that she resides in a home which she owns; that she is employed by the District of Columbia Child Protective Services; that she works full-time, albeit remotely, from 5 p.m. until 1 p.m daily, five days a week; that with the exception when she needs to run errands, she remains at home; that her son, the defendant, lives with her and may return to reside with her during the

period of release; that she has a electronic security system (Ring or Nest) that records the comings and goings of persons who visit, and that she gets a real-time notification (video alerts to her phone) from the service when this occurs; and that she has an adult daughter who might be called on to assist on those occasions when she, Ms. Berry, must leave her home. She testified and will continue to aver that she understands the obligation to notify the Court in the event she has reason to believe that the defendant is not complying with a condition of his release. Without hesitation, she is prepared to do so. She understands that she could be held in contempt for failing to do so, and worse, that she might be in danger of losing the home she has worked so hard to own in the time she has lived there. In other words, she is prepared to advise the Court that she "has skin in the game" that will assure compliance with the obligations of a custodian.

All these things meet the conditions required of custodians found at 18 U.S.C. §3142(c)(1)(B)(i).

The Court chose to release the defendant on home incarceration, not home detention, which otherwise might have permitted him to work outside the home, subject to a curfew or travel time restriction that PSA would certainly have imposed. Thus, the Court chose an extremely strict condition, home incarceration, as the least restrictive one.

The Court took into account that, despite the defendant's criminal history involving firearms offenses, the government conceded there is no evidence in his background of violent crimes, committed with or without firearms.

And though the government did not identify flight risk as an alternate basis for detention, the defendant concedes there have been lapses during his supervision on probation from cases in his history, and that twice his probation was terminated as unsuccessful because of new arrests.[1]

---

[1] *See* ECF Doc. 7, "Government's Memorandum in Support of Pretrial Detention," Section III, "The Defendant's History and Characteristics Merit Detention," pages 13-14.

He stresses that he has not been convicted of a Bail Reform Act violation for willful failures to appear in court for court hearings in open cases.

Last, the Government adverts to what it believes are reasons this Court should be leery of releasing the defendant on home incarceration to his mother's custody. (Motion, §5, pages 17-18) The government expresses concern that, because of his age and his history of firearms offenses, he will not submit to the authority of his mother. It adds that the "Defendant has been living with Ms. Berry every time (he) was arrested (and convicted) for firearms offenses and every time he violated probation….Ms. Berry – despite her best efforts and sincere intentions – has not been able to keep him from engaging in criminal activity in the past." (Id. at 18)

In response, the defendant notes that he has never previously been released on such stringent conditions – to his mother or any other custodian – as he is asking to be released on now.  So he has never been answerable to his mother's authority – who would be acting as an officer of the Court, deputized, in effect, to govern his compliance – in the past.  And it might be that Ms. Berry would not have been able to do so, as working remotely is relatively new, not started but advanced by the pandemic so that today many persons who once worked in offices, now perform their jobs at home.  Today she has an opportunity to serve that in the past would not have been available to her.

In these circumstances, the defendant submits that his mother, Ms. Berry, is a suitable 3rd party custodian who will be able to perform ably and provide assurance to the Court that the defendant will not pose a risk of danger while on release.

For these reasons, the defendant asks respectfully that the Court deny the government's appeal from the release order.

This pleading is,

        Respectfully submitted,

        *Nathan I. Silver*

NATHAN I. SILVER, ESQ.
D.C. Bar No. 944314
6300 Orchid Drive, Bethesda, MD 20817
(301) 229-0189/(301) 229-3625 (fax)
(240) 441-1199 (cell)
Email: nisquire@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Notice has been served via ECF upon Megan F. McFadden, Esq. U.S. Department of Justice, USAO-DC, attorney of record for the government, this 27th day of May, 2025.

        _____*Nathan I. Silver*_____